943 A.2d 850

IN THE MATTER OF DIANE S. AVERY, AN ATTORNEY
AT LAW (ATTORNEY NO. 025481981).

March 19, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–075 and DRB 07–131, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **DIANE S. AVERY,** formerly of **RIDGE-FIELD,** who was admitted to the bar of this State in 1981, and who has been temporarily suspended from the practice of law since August 25, 2003, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with client), *RPC* 3.4(c)(knowingly disobeying an obligation under the rules of a tribunal), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(d) (engaging in conduct prejudicial to the administration of justice);

And the Disciplinary Review Board further having determined that **DIANE S. AVERY** should be required to demonstrate that she is fit to practice law prior to her reinstatement to practice;

And good cause appearing;

It is ORDERED that **DIANE S. AVERY** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

Ordered that prior to reinstatement to practice, respondent shall demonstrate that she is fit to practice as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.